[NO. 2927.   Dec. 12, 1925.]

## OZMENT v. PORTER.

[241 Pac. 1025.]

### SYLLABUS BY THE COURT

Under section 40, chapter 67, Laws 1915, any person in whose name stock of a banking corporation stands on the books of the corporation is liable to the creditors of the bank, whether he is the beneficial owner of the stock or not.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Action by C. C. Ozment, receiver of the Bowman Bank & Trust Company, against R. P. Porter. Judgment for plaintiff, and defendant appeals. Affirmed and remanded, with directions.

Mark B. Thompson, of Las Cruces, for appellant.

H. S. Bowman and M. A. Otero, Jr., both of Santa Fe, for appellee.

### OPINION OF THE COURT

PARKER, C. J.   This is an action to enforce the liability of a stockholder in a banking corporation. Judgment was rendered in favor of the plaintiff appellee, and defendant appellant has brought the case here by appeal.

---

7CJ p. 504 n. 87; p. 509 n. 38.
14CJ p. 1011 n. 36; p. 1025 n. 75; p. 1026 n. 85.

It appears that 10 shares of stock were issued to the defendant and stood in his name upon the books of the corporation at the time the bank closed. The statute covering the matter is section 40 of chapter 67, Laws 1915, which is as follows:

"The stockholders of every banking corporation shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of said corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such share. The term stockholder shall apply not only to such persons as appear on the books of the bank as shareholders, but also to every owner of stock, legal or equitable, although the same may stand on such books in the name of another person, but not to a person who holds the stock as collateral security for the payment of a debt."

This statute is plain, and requires no interpretation It provides in terms that any person in whose name stock of a banking corporation stands upon the books of the corporation shall be liable to creditors up to the par value of the stock. The defendant showed that, when he received the certificate of stock, it was loaned to him to enable him to qualify as a director; that the immediately indorsed the certificate and sent it to Mr. Wingo, who was the beneficial owner of the same. The defendant continued to act as director until January 1, 1922, when he resigned, and he asked Mr. Wingo to have the shares transferred on the books of the corporation, which the latter failed to do. The defendant made no application to the proper officers of the corporation to have the stock transferred, so far as appears. He merely requested his transferee to transfer it. This effort would seem to be insufficient to show any diligence to have the transfer registered. Such a showing in no way exonerates the defendant. Our statute seems to be in accordance with the general doctrine without a specific statute on the subject. See Clark and Marshall, Private Corporations, § 588; 4 Thompson on Corporations, § 4357; 1 Cook on Corporations (8th Ed.) §§ 258, 260; 14 C. J., Corporations, §§ 1565, 1593, 1594.

Counsel for defendant argues that the evidence was inadmissible to show the issuance of the stock, but,

inasmuch as defendant admits the fact, the objection would seem to be immaterial.

It may be said that this is a hard case for the defendant to have to pay under the circumstances; but the law must be obeyed by the people and the courts. The defendant undoubtedly has a remedy against the real owner of the stock.

It follows that the judgment of the court below is correct and should be affirmed, and the cause remanded, with directions to enforce the judgment, and it is so ordered.

BICKLEY and WATSON, JJ., concur.